

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-5-2004

# Bienvenida v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4316

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Bienvenida v. Atty Gen USA" (2004). *2004 Decisions.* Paper 728.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/728

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

NO. 02-4316

———

MIRIAM DIRILO BIENVENIDA,
Petitioner

v.

JOHN ASHCROFT, ATTORNEY GENERAL
OF THE UNITED STATES,
Respondent

———

Petition for Review of an Order
of the Board of Immigration Appeals
(A77-630-940)

———

Submitted Under Third Circuit LAR 34.1(a)
May 3, 2004

Before: SLOVITER, FUENTES, and BECKER, Circuit Judges

(Filed: May 5, 2004)

———

OPINION OF THE COURT

SLOVITER, Circuit Judge.

Petitioner Miriam Dirilo Bienvenida is a native and citizen of the Philippines who overstayed her visitor's visa by 17 years. She conceded removability and sought cancellation of removal and voluntary departure. She petitions for review of the decision of the Board of Immigration Appeals ("BIA"), which summarily affirmed the order of an Immigration Judge ("IJ") denying Bienvenida's application for cancellation of removal under Section 240 (A)(b)(1) of the Immigration and Nationality Act. The sole issue in Bienvenida's petition is whether the BIA's streamlining procedure under 8 C.F.R. § 1003.1(e)(4), on its face, violates Bienvenida's due process and equal protection rights. We have jurisdiction over the petition pursuant to 8 U.S.C. § 1252.

In Dia v. Ashcroft, 353 F.3d 228 (3d Cir. 2003), we held that another section of the BIA's streamlining regulations, 8 C.F.R. § 1003.1(a)(7), does not run afoul of the Fifth Amendment due process clause. Id. at 238-45. We concluded in Dia that there is "nothing 'unfair' in a constitutional sense about the . . . streamlining procedures. An applicant retains a full and fair opportunity to make his case to the IJ, and has a right to review of that decision by the BIA, and then by a court of appeals . . . . The fact that the review is done by one member of the BIA and that the decision is not accompanied by a fully reasoned BIA decision may be less desirable from the petitioner's point of view, but it does not make the process constitutionally 'unfair.'" Id. at 243-44.

Here, the BIA summarily affirmed the IJ's denial of Bienvenida's application for

2

cancellation of removal under a different subsection of the streamlining procedure, 8 C.F.R. § 1003.1(e)(4). The language and functioning of that section, however, is substantially similar to that of 8 C.F.R. § 1003.1(a)(7) with respect to the procedure by which a BIA member summarily affirms an IJ's opinion; it expands the use of the BIA's summary affirmance procedure rather than changes the procedure itself. Compare 8 C.F.R. § 1003.1(a)(7)(ii) ("The single Board Member . . . may affirm the decision of the [IJ], without opinion . . . ."), with 8 C.F.R. § 1003.1(e)(4)(I) ("The Board Member . . . shall affirm the decision of the [IJ], without opinion . . . ."). Moreover, the "fairness" argument that Bienvenida raises in her Fifth Amendment due process claim, Petitioner's Br. at 3-4, 5, 5-6, is precisely one of the arguments we rejected in Dia in upholding 8 C.F.R. § 1003(a)(7). We therefore find Dia to be the controlling precedent for this case, and reject Bienvenida's Fifth Amendment due process claim.

Bienvenida also attempts to raise a Fourteenth Amendment equal protection challenge to the BIA's streamlining procedure. Petitioner's Br. at 5. We are not persuaded by her claim. To the extent that Bienvenida's equal protection argument is an extension of her due process claim as set forth above, we reject her argument because the BIA's streamlining procedure, on its face, does not violate Bienvenida's due process rights. To the extent that Bienvenida seeks to establish an independent equal protection violation for the streamlining procedure in question, she has failed to establish any basis for such a claim in her petition.

3

We will therefore deny Bienvenida's petition for review.